UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, :
:
v. : CASE NO. 1:16-CR-162
:
JWANE JOHNSON, :
    Defendant :

*M E M O R A N D U M*

*I.    Introduction*

Presently before the court is the Government's notice (Doc. 98) and supporting memorandum of law (Doc. 99) regarding its intention to introduce other-act evidence, under Federal Rule of Evidence 404(b), at Defendant's trial.[1] Defendant seeks to exclude this evidence.[2] After careful consideration, we will preclude the Government from introducing its proffered Rule 404(b) evidence.

*II.    Background*

The detailed factual and procedural history of this case—including the charges and allegations at issue—has already been fully set forth in our prior August 29, 2017 opinion, (Doc. 88 at 1-5). We will not repeat those details here, but instead write only to address the instant Rule 404(b) issue.

---

[1] Trial was held on October 23 and 24, 2017. This memorandum accompanies and explains our pretrial decision (Doc. 104), issued on October 20, 2017, excluding the proffered Rule 404(b) evidence.

[2] Although Defendant did not move in limine to exclude the proffered Rule 404(b) evidence, he did file a "response" to the Government's notice, and in that response contends that the evidence is inadmissible. (See generally Doc. 103). Accordingly, we construe Defendant's response as a request to exclude the Government's proffered other-act evidence.

1

On August 29, 2017, we ordered a new trial due to improper and prejudicial closing remarks made by the Government. (Doc. 88). In those remarks, the Government commingled the evidence from two separate events—the December 8, 2015 traffic stop (underlying Counts I, II, and III of the indictment), and the January 2, 2016 traffic stop (underlying Count IV). As we noted in that opinion, the Government attempted to use evidence from each separate traffic stop to support its case on the charge or charges stemming from the other traffic stop. That is, the Government used evidence regarding the December 8th traffic stop to bolster its case for the charge related to the January 2nd traffic stop, and vice versa. (See id. at 20-22). We found that this tactic, without proper notice, legal support, and a limiting instruction, violated Rule 404(b)'s well-settled mandates and resulted in unfair prejudice to Defendant, necessitating a new trial.

Furthermore, in light of Defendant's previous motion to sever and motion in limine, as well as the specific problems that arose at the first trial, we severed Count IV and ordered that Counts I through III (related to the December 8th traffic stop) be tried separately. (Id. at 27). Despite what we believed to be a clear attempt to segregate the charges from the unrelated traffic stops to avoid prejudice, ten days prior to retrial for the first three counts, the Government filed a notice pursuant to Rule 404(b)(2)(A) indicating that it intended to present much of the evidence from the January 2nd traffic stop to prove its case on the December 8th charges. (See generally Doc. 98).

Specifically, the Government stated that it intended to offer the testimony of a police officer involved in the January 2nd incident (but not the December 8th incident); testimony from an employee at the Dauphin County Booking Center who found a "clear baggie" that contained a white substance in Defendant's jacket on January 2nd; testimony

from a forensic scientist who would confirm that this white substance found on January 2nd was cocaine base and weighed 2.45 grams; and expert testimony from a detective who would testify regarding the January 2nd bag and its contents, that the bag contained a "feeder rock" indicative of being possessed for distribution, and that drug dealers often carry multiple phones and use "burner phones." (Id. at 1-4). The Government also indicated that it intended to submit as evidence the aforementioned baggie, its contents, and two cellular phones found on January 2nd. (Id. at 2). The Government contends that all of this evidence is admissible to prove "intent and knowledge" regarding the charges stemming from the December 8th traffic stop. (Id. at 4).

Unsurprisingly, Defendant asserts that this January 2nd evidence is inadmissible for the trial involving Counts I, II, and III related to the December 8th stop. (Doc. 103). Defendant primarily argues that the Rule 404(b) issue was already litigated as part of this court's prior August 29, 2017 decision, and that the Government is attempting to reargue what is essentially a decided matter.

Although we disagree with Defendant's characterization, for the reasons that follow, we find that the Government's proffered January 2nd other-act evidence is inadmissible. Accordingly, we will preclude the Government from introducing that evidence at Defendant's trial on the counts of the indictment related to the December 8th traffic stop.

*III.	Discussion*

Federal Rule of Evidence 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID.

404(b)(1). An exception to this rule provides that such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b)(2). In a criminal case, where evidence is offered to prove a proper, non-propensity purpose under Rule 404(b)(2), the prosecutor should provide "notice of the general nature of any such evidence that the prosecutor intends to offer at trial." FED. R. EVID. 404(b)(2)(A).

"Rule 404(b) is a rule of general exclusion," and "directs that evidence of prior bad acts be excluded—unless the proponent can demonstrate that the evidence is admissible for a non-propensity purpose." United States v. Repak, 852 F.3d 230, 240 (3d Cir. 2017) (quoting United States v. Caldwell, 760 F.3d 267, 276 (3d Cir. 2014)). "Because Rule 404(b) is a rule of general exclusion, the party seeking to admit other-acts evidence has 'the burden of demonstrating [the evidence's] applicability.'" Id. at 241 (quoting Caldwell, 760 F.3d at 276).

"Admissibility under Rule 404(b) requires the satisfaction of four distinct steps: (1) the other-acts evidence must be proffered for a non-propensity purpose; (2) that evidence must be relevant to the identified non-propensity purpose; (3) its probative value must not be substantially outweighed by its potential for causing unfair prejudice to the defendant; and (4) if requested, the other-acts evidence must be accompanied by a limiting instruction." Id. "This methodical process requires 'careful precision' by both the proponent in proffering the [other] act evidence and by the trial judge who must decide the question of admissibility." United States v. Brown, 765 F.3d 278, 291 (3d Cir. 2014) (citing Caldwell, 760 F.3d at 274).

"In proffering such evidence, the government must explain how it fits into a chain of inferences—a chain that connects the evidence to a proper purpose, no link of which is a forbidden propensity inference." United States v. Davis, 726 F.3d 434, 442 (3d Cir. 2013). "[T]his chain [must] be articulated with careful precision because, even when a non-propensity purpose is 'at issue' in a case, the evidence offered may be completely irrelevant to that purpose, or relevant only in an impermissible way." Repak, 852 F.3d at 243 (alterations in original) (quoting Caldwell, 760 F.3d at 281).

We begin by noting the peculiar nature of this case, where the other-act evidence that the Government seeks to admit under Rule 404(b) is contemporaneously charged conduct of a separate and unrelated traffic stop that occurred approximately one month after the December 8th stop, rather than some prior bad act. In our previous decision ordering a new trial, we observed that the Government had largely attempted to use evidence from the December 8th stop to bolster its case for the possession-with-intent-to-distribute charge arising from the January 2nd stop. We noted, however, that the converse was true as well, where evidence from the January 2nd stop was improperly used to support the Government's case for the December 8th charges.

Specifically, we found that the Government "improperly conflated the evidence from each stop and used one stop as evidence of Defendant's guilt as to charges stemming from an unrelated stop, *without providing notice under 404(b) of same or articulating a proper, non-propensity purpose for the evidence*." (Doc. 88 at 20) (emphasis added). We explained, in pertinent part, that "the Government improperly com[m]ingled Defendant's other act of drug possession on January 2nd to support its claim that Defendant attempted to distribute drugs . . . on December 8th[.]" (Id. at 22).

5

We further noted that "[t]he two traffic stops in this case were not part of the same transaction. In fact, in permitting joinder, we relied only on the similar character of the offenses, not the factual similarities between the stops. Our basis for finding that no prejudice resulted from joinder here was the opposite rationale—the two traffic stops were distinct and a jury could compartmentalize the evidence from each stop because they were separate in time and as to the conduct and evidence involved." (Id.)

Finally, we observed, mostly in a footnote, that if the Government had provided notice, and had articulated a proper, non-propensity purpose for the other-act evidence, we could have made an admissibility determination, and, if necessary, provided a limiting instruction at trial. (Id. at 24 & n.3). In this same footnote, however, we further explained that we had "anticipated [that] the evidence of each traffic stop [would] remain separate," and stressed that "even where past distribution is admissible to prove intent, there must typically be a connection between the events or the [other] incident must have resulted in a conviction, unlike here, where the evidence pertains to an unrelated traffic stop occurring one month prior for which Defendant was contemporaneously charged in the indictment but for which he was not yet convicted." (Id. at 24 n.3).

The Government appears to have largely ignored our intentional severance of the instant charges and our words of caution about attempting to prove intent through unrelated, unproven other-act evidence. Instead, it seems that the Government has interpreted our previous opinion as an invitation to try to bring in, this time properly under Rule 404(b), much or all of the evidence related to the severed January 2nd charge to prove its case on the December 8th charges. (See Doc. 99 at 13-14). Accordingly, we

6

turn to whether the Government has carried its burden to demonstrate that the proffered other-act evidence is admissible.

### A. Step One: Identifying a Proper Non-Propensity Purpose

In its notice and accompanying brief, the Government suggests two non-propensity purposes for the other-act evidence: knowledge and intent. (Doc. 98 at 4; Doc. 99 at 14). But more is required than simply plucking a non-propensity purpose from the list in Rule 404(b)(2). The proponent of the other-act evidence must demonstrate why the proffered purpose is an acceptable non-propensity purpose in that particular case, or, in other words, why it is "at issue." Caldwell, 760 F.3d at 276, 278; see also Repak, 852 F.3d at 242-43 (explaining that defendant's mental state—including knowledge and intent—was a proper non-propensity purpose of other-act evidence because the defendant had specifically contested those elements at trial).

Here, one of the Government's proposed uses for other-act evidence is to prove knowledge, an enumerated non-propensity purpose in Rule 404(b)(2). The Government states that it seeks to use other-act evidence "to demonstrate that the defendant had knowledge that there was a firearm in the vehicle on December 8th, 2015[.]" (Doc. 99 at 16).[3]

The problem is it that the Government has not explained why "knowledge" is at issue in this case. Defendant denies that he possessed the gun that was found in Yvette Smith's car on December 8th. Nothing on the record or in the transcript from the first trial indicates that Defendant is alleging a lack of knowledge that a firearm was found

---

[3] It is unclear from the Government's brief whether it ultimately seeks to use other-act evidence that it purports will establish knowledge to prove the § 924(c)(1)(A) charge (Count III)—possession of a firearm in furtherance of a drug trafficking crime, or the § 922(g) charge (Count II)—felon in possession of a firearm, or both.

7

in the car on December 8th, or alleging that he possessed a firearm but did so unknowingly. Rather, Defendant simply claims innocence on the gun possession charges. Therefore, "knowledge" is not at issue here, and, consequently, the Government has failed at the first step on this particular non-propensity purpose. See e.g., United States v. Lee, 612 F.3d 170, 186-87 (3d Cir. 2010) (finding that knowledge was not at issue in a trial for being a felon in possession of a firearm when the defendant never argued that he did not know a firearm was in his vehicle's back seat, but rather disputed the charge by denying that the firearm was ever in his vehicle in the first place).

The Government also plans to use January 2nd other-act evidence to establish that on December 8th Defendant had the requisite intent to distribute cocaine base, an element of the charge of attempt to distribute a controlled substance, 21 U.S.C. § 846. (Doc. 99 at 14). It is not at all clear, however, that intent is at issue here.

Once again, the Government provides no explanation for how intent was put at issue for the December 8th charges. It merely recites the elements of attempted distribution, an offense that contains an "intent" *mens rea*. (See Doc. 99 at 14). But the Third Circuit has explicitly rejected such a tactic. When discussing the same premise but with a crime containing a knowledge-based *mens rea*, it held, "We disagree . . . with the proposition that, merely by denying guilt of an offense with a knowledge-based *mens rea*, a defendant opens the door to admissibility of prior convictions of the same crime. Such a holding would eviscerate Rule 404(b)'s protection and completely swallow the general rule against admission of prior bad acts." Caldwell, 760 F.3d at 281 (citing United States v. Miller, 673 F.3d 688, 697 (7th Cir. 2012) ("[I]f a mere claim of innocence were enough to

automatically put intent at issue, the resulting exception would swallow the general rule against admission of prior bad acts[.]")).

Here, Defendant's claim of innocence for the charge of attempted distribution does not automatically put intent at issue. Allowing the Government to admit other-act evidence of alleged drug distribution on the simple basis of Defendant's denial of guilt for attempted distribution on December 8th would "swallow the general rule against admission of [other] bad acts." Id.

Accordingly, it appears that the Government has failed to satisfy the first step of its Rule 404(b) burden because it has not properly identified an appropriate non-propensity purpose for introducing the other-act evidence. Assuming, however, that Defendant somehow put intent at issue for the December 8th charges, the Government would also have to satisfy steps two and three before such evidence could be admissible; i.e., the Government must show that the proffered other-act evidence is relevant to the identified non-propensity purpose and that its probative value is not substantially outweighed by its potential for causing unfair prejudice. Repak, 852 F.3d at 241.

B. Relevance of Other-Act Evidence to Non-Propensity Purpose of Intent

As explained above, the Government argues that the January 2nd other-act evidence can permissibly be used to establish Defendant's intent to distribute cocaine base on December 8th to prove the charge of attempt to distribute (Count I). (Doc. 99 at 14-15). According to the Government, in order to prove that on December 8th Defendant intended to distribute cocaine base, it will introduce evidence that he possessed cocaine base on January 2nd, and that the other circumstances of the January 2nd possession indicate an intent to distribute at that time. (Id.)

These circumstances include that on January 2nd Defendant possessed cocaine base, (id. at 15), and that the cocaine base possessed allegedly included "three $20 bags of cocaine, the exact size Yvette Smith described as seeing on December 8, 201[5]," (id.)  The circumstances also include that Defendant allegedly possessed two phones, "one of which being a flip phone," on January 2nd, which an expert witness will testify "is indicative of an intent to distribute controlled substances."  (Id.)

This proffered evidence certainly is relevant to showing that on January 2nd Defendant had the intent to distribute cocaine base.  But the Government must explain how this other-act evidence "fits into a chain of inferences—a chain that connects the evidence to a proper purpose [i.e., intent to distribute on December 8th], *no link of which is a forbidden propensity inference,*" Davis, 726 F.3d at 442 (emphasis added).  In other words, the Government must demonstrate, without relying on propensity, how the proffered Rule 404(b) evidence from January 2nd is connected to intent to distribute on December 8th.  As the Seventh Circuit has cautioned, the district court must be vigilant to "look[ ] beyond the purposes for which the evidence is being offered and consider[ ] what inferences the jury is being asked to draw from that evidence, and by what chain of logic[.]"  United States v. Gomez, 763 F.3d 845, 856 (7th Cir. 2014) (quoting United States v. Lee, 724 F.3d 968, 978 (7th Cir. 2013)).

The Government has not satisfied its burden in this regard.  First and foremost, it has failed to set forth its chain of inferences to connect the January 2nd evidence to proving intent to distribute on December 8th.  See Caldwell, 760 F.3d at 281 (explaining that failure to carefully articulate the chain of inferences to show why proffered 404(b) evidence "is actually relevant to the identified non-propensity purpose" is fatal to

the admission of that evidence). Although the Government has described what evidence it intends to use, it has not shown how that evidence is connected, in a permissible manner, to proving intent to distribute on December 8th.[4] Moreover, upon our own review, the only connection we can find for the majority of the proffered evidence is propensity: to wit, because the evidence allegedly shows that Defendant had the intent to distribute drugs on January 2nd, Defendant had the intent to distribute drugs a month earlier on December 8th. This is the exact type of impermissible propensity inference that Rule 404(b) forbids. Caldwell, 760 F.3d at 282.

In support of its argument that the January 2nd evidence is relevant to showing intent on December 8th, the Government relies on United States v. Lee, 573 F.3d 155 (3d Cir. 2009), and United States v. Givan, 320 F.3d 452 (3d Cir. 2003). We find both cases to be distinguishable from the matter at hand.

In Lee, the Third Circuit affirmed, with little analysis, the district court's admission of defendant Jelani Lee's prior drug trafficking conviction for the limited purpose of establishing intent to distribute. 573 F.3d at 166. First, the use of a prior conviction is patently different than the use of unproven, unrelated conduct that occurred a month after the event at issue. Second, the district court's unpublished memorandum underlying the Third Circuit's opinion, in which the district court initially admitted the other-act evidence,

---

[4] The only seemingly permissible connection the Government identifies is that the bags of cocaine base found in Defendant's jacket on January 2nd allegedly were "$20 bags," which it argues is the size of the bag Smith claimed to have seen on December 8th. We find that such a tenuous connection, without more, is insufficient to provide the necessary chain of inferences required at step two.

11

leaves much to be desired regarding Rule 404(b) analysis.[5] Moreover, the bulk of the Third Circuit's opinion was devoted to a separate issue regarding discovery errors made by the government, upon which Lee's conviction was vacated. Id. at 158-66 & n.7.

Finally, Lee predates the Third Circuit's more recent and comprehensive jurisprudence regarding the admissibility of Rule 404(b) evidence. See Repak, 852 F.3d at 240-50; Davis, 726 F.3d at 440-45; Caldwell, 760 F.3d at 274-84; Smith, 725 F.3d at 345-48. These cases set forth, in great detail, the mandated, intricate steps that a district court must follow when determining the admissibility of other-act evidence. Notably, they emphasize properly linking the other-act evidence to a permissible, non-propensity purpose without using a propensity inference (i.e., step two in the Rule 404(b) analysis). Lee contains no discussion of step two, or steps one and three for that matter. Rather, the court of appeals simply concluded that "Lee's prior drug trafficking conviction was properly admitted as evidence that Lee intended to distribute any drugs in his possession. Thus the first three prongs of the [Rule 404(b)] test are satisfied." Lee, 573 F.3d at 166. Accordingly, we find Lee distinguishable from the instant matter and less relevant than the Third Circuit's more recent and thorough Rule 404(b) jurisprudence.

The Government also relies on Givan to support its burden at step two, but, as Defendant points out, Givan is distinguishable as well. There, the district court admitted, under Rule 404(b), evidence of a prior felony drug distribution conviction to show

---

[5] Lee had moved pretrial to preclude evidence of prior convictions in the event that he chose to testify, specifically citing Federal Rule of Evidence 609—not 404(b)—in his motion. United States v. Lee, No. 2:05-cr-00216 (E.D. Pa. Aug. 18, 2005), ECF No. 58 at 10. The district court gave no explanation as to why it analyzed Lee's motion under Rule 404(b), or if the government had provided the proper notice and legal support for introducing other-act evidence at trial for a purpose other than impeachment under Rule 609. United States v. Lee, No. CRIM.A.05-216, 2006 WL 1321484, at *5-6 (E.D. Pa. Mar. 1, 2006). As the Third Circuit has explained, whether a prior conviction is admissible for impeachment purposes is "an entirely distinct question from its admissibility under 404(b)." Caldwell, 760 F.3d at 282.

knowledge and intent. Givan, 320 F.3d at 461. Again, Givan involves a prior distribution conviction, rather than unproven conduct. Furthermore, in Givan, the government proffered the other-act evidence to rebut a defense theory of innocent association with the passengers of a car in which over 100 grams of heroin was being secreted, indicating that knowledge and intent were potentially put at issue by the defendant. Id. at 460, 461. Finally, the Third Circuit has identified Givan as existing "at the outer bounds of admissibility under Rule 404(b)." Davis, 726 F.3d at 444.

Therefore, even assuming for the sake of argument that the Government properly identified intent as an acceptable, non-propensity purpose, we find that the Government has failed to carry its burden at step two of the Rule 404(b) analysis. That is, the Government has failed to connect the proffered other-act evidence to a permissible purpose without using a forbidden propensity inference.

### C. Step Three: Rule 403[6] Balancing

Because the Government has failed to carry its burden at steps one and two, we will not perform a Rule 403 balancing analysis for the proffered other-act evidence, which is normally required at step three of determining admissibility under Rule 404(b). We note, however, that because the other-act evidence is unproven conduct from an unrelated traffic stop, which occurred a month after the incident at issue, the evidence is presumably less probative than if it were a prior distribution conviction. In any event, because the Government cannot satisfy steps one and two, an analysis of step three is unnecessary.

---

[6] Federal Rule of Evidence 403 provides, in pertinent part, that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice."

13

*IV.  Conclusion*

For all of the foregoing reasons, we conclude that the Government has not carried its burden to demonstrate the admissibility of its proffered other-act evidence under Rule 404(b). Accordingly, the January 2nd evidence contained in the Government's notice (Doc. 98) will be precluded from Defendant's trial on the charges stemming from the December 8th traffic stop. An order setting forth our final decision—without the instant rationale—has already been issued in advance of the pending trial.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date:  November 6, 2017