# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | No. 1:16-cr-162 |
| v. | : | |
| | : | (Judge Kane) |
| **JWANE JOHNSON**, | : | |
| **Defendant** | : | |

## MEMORANDUM

Before the Court is Defendant Jwane Johnson's post-trial motion (Doc. No. 168) for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. For the reasons provided herein, the Court will deny Defendant's motion.

## I.    BACKGROUND

The detailed factual history of this case—including the charges and allegations at issue—has already been fully set forth in a prior August 29, 2017 opinion, (Doc. No. 88 at 1-5), issued by the Honorable William W. Caldwell. Upon Judge Caldwell's retirement, this case was reassigned to the undersigned. The Court will not repeat the extensive details from the August 29, 2017 opinion here, but instead will write only to address the pending motion for judgment of acquittal. A brief procedural history is nonetheless required.

In December of 2016, Defendant was tried and convicted on all counts of a four-count indictment. (Doc. Nos. 57-58.) Counts I, II, and III stem from circumstances surrounding a December 8, 2015 traffic stop ("December 8th stop"), and Count IV involves allegations regarding a subsequent, unrelated traffic stop on January 2, 2016 ("January 2nd stop"). (Doc. No. 88 at 1-5.) After his December 2016 conviction, Defendant moved for a new trial. (Doc. No. 76.)

Judge Caldwell granted a new trial due to improper and prejudicial closing remarks made by the Government in the first trial. (Doc. Nos. 88, 89.) In those remarks, the Government had improperly commingled evidence from the two separate traffic stops. (See generally Doc. No. 88.) In light of Defendant's previous motion to sever, as well as the specific problems that arose at the first trial, Judge Caldwell severed Count IV and ordered that Counts I through III (related to the December 8th stop) be tried separately from Count IV. (Id. at 27.)

At the second trial on Counts I through III, Defendant was found guilty on Count I (attempt to distribute cocaine base), and acquitted on Counts II and III (the firearms charges). (Doc. Nos. 111, 115.) The second trial on the remaining Count IV—possession with intent to distribute cocaine base on January 2, 2016—took place on March 19-20, 2018. A jury found Defendant guilty on Count IV. (Doc. No. 164.)

Defendant now moves for judgment of acquittal on Count IV pursuant to Federal Rule of Criminal Procedure 29(c), claiming the evidence at trial was insufficient to sustain the conviction. (Doc. No. 168.) The motion has been fully briefed and is ripe for disposition.

## II. DISCUSSION

Federal Rule of Criminal Procedure 29(c) provides, in pertinent part, that "[i]f the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal." FED. R. CRIM. P. 29(c)(2). "A defendant challenging the sufficiency of the evidence pursuant to Rule 29 bears a heavy burden." United States v. John-Baptiste, 747 F.3d 186, 201 (2014) (citation and internal quotation marks omitted). When a defendant attacks the sufficiency of the evidence underlying a jury verdict, the court must review the record evidence in a light most favorable to the prosecution and uphold that verdict if "any rational trier of fact could find guilt beyond a reasonable doubt." United States v. Benjamin, 711 F.3d 371, 376 (3d Cir. 2013) (quoting United

2

States v. Brown, 3 F.3d 673, 680 (3d Cir. 1993)); Jackson v. Virginia, 443 U.S. 307, 318 (1979) (accord).

Count IV of the indictment charges Defendant with possession with intent to distribute cocaine base on January 2, 2016, in violation of 21 U.S.C. § 841(a)(1). (Doc. No. 1.) That crime has four elements: (1) possession of a controlled substance; (2) the controlled substance was possessed knowingly or intentionally; (3) the defendant had the intent to distribute the controlled substance; and (4) the controlled substance was cocaine base. 21 U.S.C. § 841(a)(1); THIRD CIRCUIT MODEL CRIMINAL JURY INSTRUCTIONS § 6.21.841A (2015). There is no serious dispute that Defendant knowingly possessed cocaine base on the date in question. The sole contested element at trial, and now on post-verdict motion for judgment of acquittal, is whether Defendant had the requisite intent to distribute cocaine base. (See generally Doc. Nos. 168, 169.)

Defendant argues that the evidence adduced at trial was insufficient to prove intent to distribute cocaine base beyond a reasonable doubt. The Court disagrees. While the evidence was not overwhelming, it was sufficient to sustain the jury's guilty verdict on Count IV.

After fleeing police in a vehicle and then on foot, Defendant was apprehended and found to have approximately 2.45 grams of crack cocaine on his person. (Mar. 19, 2018 Trial Tr. (hereinafter Doc. No. 173) at 116-18, 175-76, 180-81). The packaging of the cocaine was particularly important for the prosecution. Harrisburg City Police Officer Darrin Bates ("Officer Bates") testified that the bag found in Defendant's jacket contained a larger "loose rock of crack cocaine" and three separate "corner-cut" sandwich bags that each contained smaller amounts of crack cocaine. (Doc. No. 173 at 120, 180-81.) The larger loose rock weighed 1.95 grams, and the smaller, individually wrapped rocks each weighed approximately .18 grams. (Id. at 180-81.)

No drug paraphernalia used for ingestion, like a crack pipe or other smoking implement, was found on Defendant's person or in the vehicle. (Id. at 121, 176-78.)

Detective Michael Neff ("Detective Neff"), an expert in cocaine base usage and trafficking, also testified for the prosecution. (Mar. 19, 2018 Trial Tr. Neff Exam. (hereinafter Doc. No. 174) at 11.) According to Detective Neff, the smaller, individually wrapped bags of cocaine base were consistent with "$20" bags (normally weighing .2 grams) and the larger rock was consistent with a "feeder rock," which could be broken down into ten additional $20 pieces for distribution.[1] (Doc. No. 174 at 18-20.) If divided into $20 pieces and sold at retail, the crack cocaine would have a street-level value of approximately $260. (Id. at 20.) Detective Neff opined that the manner in which the cocaine base was packaged was indicative of "drug trafficking" and "distribution" rather than personal use. (Id. at 48, 49, 51.) He conceded, however, that the amount of cocaine base—2.45 grams—in itself could be consistent with personal use and could be ingested by a user in one day. (Id. at 51.)

The manner in which drugs are packaged can be evidence of intent to distribute. United States v. Thompson, 686 F.3d 575, 585 (8th Cir. 2012) (packaging of drugs "in separate user-sized quantity amounts" can be circumstantial evidence of intent to distribute); see also United States v. Hinnant, 529 F. App'x 217, 220 (3d Cir. 2013) (nonprecedential) (evidence of, *inter alia*, manner of drug packaging and lack of drug-ingestion paraphernalia could establish intent to distribute); United States v. Flemming, 256 F. App'x 453, 458 (3d Cir. 2007) (nonprecedential); United States v. Garrett, 903 F.2d 1105, 1113 (7th Cir. 1990) ("Intent to distribute has been inferred in cases where small amounts of drugs have been packaged in a manner consistent with distribution[.]").

---

[1] Officer Bates testified that a $20 piece of crack cocaine was a common unit of sale in the Harrisburg area. (Doc. 173 at 135-36).

Were Defendant merely found with 2.45 grams of cocaine base—a quantity of drugs consistent with personal use—such evidence on its own would likely be insufficient to sustain a conviction for possession with intent to distribute. See United States v. Watts, 306 F. App'x 805, 807 (3d Cir. 2009) (nonprecedential) (citing Turner v. United States, 396 U.S. 398, 423 (1970)); United States v. Skipper, 74 F.3d 608, 611 (5th Cir. 1996) (citations omitted); Garrett, 903 F.2d at 1113. That is not the case here. The cocaine base found in Defendant's possession was packaged in a particular manner that indicates more than simple possession or "wholesale" bulk purchasing to save money. The fact that there was a large feeder rock along with three separate $20 individually wrapped rocks indicates distribution. See Hinnant, 529 F. App'x at 219-20 (recounting narcotics-trafficking expert testimony as to why bulk purchasing of drugs for value would not result in possession of "individually wrapped packets that cost approximately six times what the crack would cost in chunk form"). Moreover, no drug-ingesting paraphernalia was found in Defendant's possession at the time of his arrest.

The foregoing facts, when taken as a whole, see United States v. Brodie, 403 F.3d 123, 134 (3d Cir. 2005), and viewed in a light most favorable to the prosecution, are sufficient for a reasonable juror to infer intent to distribute. Accordingly, the jury's verdict on Count IV was supported by sufficient evidence and will be left undisturbed.

### III. CONCLUSION

Based upon the foregoing, the Court will deny Defendant's post-trial motion (Doc. No. 168) for judgment of acquittal under Federal Rule of Criminal Procedure 29. An Order consistent with this Memorandum follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
